IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2003 Session

# RDM v. STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES, IN THE MATTER OF: AGM, A Child Under Eighteen Years of Age

Direct Appeal from the Circuit Court for Roane County
No. 12079     Hon. Russell Simmons, Jr., Circuit Judge

FILED NOVEMBER 12, 2003

No. E2003-00330-COA-R3-CV

The Trial Court terminated parents' parental rights. The father has appealed. We affirm the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Spence R. Bruner, Kingston, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter, and
Juan G. Villasenor, Assistant Attorney General, Nashville, Tennessee, for Appellee.

## OPINION

The Trial Court severed the parental rights of the parents to AGM at the behest of the Department of Children's Services ("DCS"). The biological father, RDM, has appealed.[1]

## BACKGROUND

This case originated with a Petition for Temporary Custody filed by DCS regarding a minor child, AGM, against her parents. At the time the mother was incarcerated, and there was no one left to take care of the child. A Protective Custody Order was enter on March 24, 1998,

---

[1]The mother did not perfect an appeal.

granting custody of the child to DCS, due to the emergency situation. By Order dated October 19, 1998, RDM was determined to be the father (since the mother was married to someone else at the time the child was born). He was granted 4 hours visitation per month at the DCS office pending further hearing. However, a few months later, the visitation was changed to supervised visitation, and a proviso was added that if there were "any further problems" or if either parent was arrested, the visitation would be suspended.

The paternal grandmother filed a series of petitions seeking custody of the child, all without success.

## THE TRIAL

In January 2002, DCS filed a Petition to Terminate Parental Rights, setting forth numerous grounds for termination, and that termination would be in the child's best interest. Numerous witnesses testified, and the Court found that although neither parent testified, the mother had advised the Court at a hearing in February that she had resumed living with the father, despite injuries he inflicted upon her in August 2001. The Court found that both parents had willfully failed to visit the child, that the child had been removed for more than six months, the conditions leading to removal still persisted, and the father was incompetent to care for the child based upon his mental condition. The Court found that both parents had failed to comply with the Plan of Care, and that returning the child to the parents would pose a risk of substantial harm. Further, the Court held that it was in the child's best interest to terminate parental rights. The evidence does not preponderate against the Trial Court's factual determination. Tenn. R. App. P. 13(d).

## DISCUSSION

The father raises on appeal whether there was clear and convincing evidence to support the grounds for termination, and whether termination was in the child's best interests?

A parent has a fundamental right to the care, custody, and control of his child. *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208 (1972). Such right is not absolute and may be terminated if there is clear and convincing evidence to justify such termination under the applicable statute, and additionally, the court must find that termination is in the child's best interest. *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388 (1982); *Tennessee Dept. of Human Services v. Riley*, 689 S.W.2d 164 (Tenn. Ct. App. 1984); Tenn. Code Ann. §36-1-113(c).

Termination of parental rights is appropriate if the record contains clear and convincing evidence to support any of the bases found by the trial court for termination. *See: In re C.W.W.*, 37 S.W.3d 467 (Tenn. Ct. App. 2000), and *O'Daniel v. Messier*, 905 S.W.2d 182 (Tenn. Ct. App. 1995).

In this case, the Trial Court terminated the parental rights based upon the following statutory grounds:

1.      abandonment;

2.      failure to substantially comply with the plan of care; and

3.      that the child had been removed for more than six months, and the conditions requiring removal still persisted and would not likely be remedied in the near future.

Additionally, the Court found that there was clear and convincing evidence that terminating the father's parental rights was in the child's best interest.

The proof was undisputed that the father had not visited the child since September 2001, and the Petition to Terminate was filed in January 2002. Undisputed proof also showed that the father could have scheduled visitation with the child, but failed to do so, and he had never paid any child support, although he received disability benefits.

Moreover, the evidence shows that DCS had attempted to assist the father to make a suitable home for the child, but instead he persisted in a course of violent behavior toward the mother and others, of alcoholism, and of suicidal behavior. We affirm the Court's finding that abandonment was proved by clear and convincing evidence. The Court also found, and the proof was undisputed that the father signed off on the plan of care and was made aware of its requirements, but he failed to comply with the parenting plan. The evidence plainly supports the Court's finding on this issue.

Finally, the Trial Court found the child had been removed for more than six months, and that the conditions which led to the removal persisted, and were unlikely to be remedied in the near future. The evidence in this regard established the father had taken no steps to remedy or change his situation in any meaningful way. The Court was presented with proof that the foster family was well bonded to the child, and would be willing to adopt her. Failing to terminate would leave the child in the same state that she had been in for the last four years, with no real hope of improvement. Clearly it was in the child's best interests to terminate the parental rights of the father so that the child could be integrated into a safe, stable, and permanent home.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the father, RDM.

_____
HERSCHEL PICKENS FRANKS, J.